UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID J. KAISER, :
        Plaintiff, :
     :
v. : 3:09-cv-1361 (WWE)
     :
CHIEF JUSTICE JOHN G. ROBERTS, et al., :
        Defendants. :

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff David J. Kaiser brings this action pro se against Chief Justice John G. Roberts, Justices Antonin Scalia, Samuel A. Alito, Jr., Anthony M. Kennedy, Stephen G. Breyer, John Paul Stevens, Clarence Thomas, Ruther Bader Ginsburg and Chief Judges Sandra L. Lynch, Anthony J. Scirica, Karen J. Williams, Edith Hollan Jones, Danny J. Boggs, Frank H. Easterbrook, James B. Loken, Alex Kozinski, Robert H. Henry and J.L. Edmondson ("Jurist Defendants").[1]  Now pending is defendants' motion to dismiss (Doc. #15) the amended complaint as to the jurist defendants and a motion to dismiss as to the Postmaster General (Doc. #19).[2]  Plaintiff has not properly submitted or filed a response despite notice from the Court that defendants' motions may be granted if no opposition is filed.

---

[1] Plaintiff has also attempted to name other individuals as defendants in this case through further amended complaints.  For various reasons, the Court did not accept these complaints for filing.

[2] Counsel for defendants has moved to dismiss all claims against the Postmaster General (Doc. #19) even though no complaint properly filed and accepted by the Court ever named the Postmaster General.  Therefore, the Court will deny defendants' motion relating to the Postmaster General as moot.  If the Postmaster General had been properly named, the Court would grant defendants' motion, finding that all claims against the Postmaster General are frivolous.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the court accepts all allegations of the complaint as true.

Plaintiff previously sued the Governor and State of Connecticut in this Court. During that suit, he became concerned with various matters within the federal court system that upset him, and has brought this suit to address those concerns. He asserts five general complaints in his amended complaint. First, he disagrees with many Supreme Court precedents, especially those relating to sovereign immunity and the Tenth Amendment. Second, he disagrees with the domination by attorneys in the federal judiciary, specifically arguing that the Chief Judges only chooses attorneys for nomination by the President for judgeships. Third, plaintiff believes that the federal rules of procedure "allow bullying [and] racketeering by attorneys." Fourth, plaintiff complains of "legalese and Latin phrases" in judicial opinions. Finally, plaintiff complains of "timid justices and chief judges who won't speak out when they see crimes committed by their colleagues." Plaintiff's complaint also asserts a litany of complaints related to serving process of his original complaint on the Justices of the Supreme Court.

Plaintiff originally sought one million dollars in damages. His amended complaint has reduced that amount to $1,000.00.

Since commencing this suit, plaintiff has filed two amended complaints (Docs. #11, 13), which, pursuant to rule 15(a) of the Federal Rules of Civil Procedure, the Court has construed as motions to further amend the amended complaint. In addition,

plaintiff has filed three motions for damages (Docs. #6, 7, 8).  Finally, plaintiff has submitted to the Court numerous motions, letters and other papers that have been rejected by the Court because they did not contain an original signature and/or a certification of service.  <u>See</u> Fed. R. Civ. P. 11(a) ("Every paper must be signed by ... a party personally if the party is unrepresented....  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the ... party's attention."); Local R. Civ. P. 5(c).  The Court has returned all papers that were not properly submitted for filing, including a purported response to defendants' motions.  Before doing so, however, the Court reviewed the document, and, in the case of plaintiff's response to the motions to dismiss, kept a copy.

The Court attempted to contact plaintiff by telephone after rejecting several papers to inform plaintiff of how to properly file papers.  In a letter to the Court, plaintiff expressed his displeasure with being contacted by telephone.

At the time they filed their motions, defendants did not send plaintiff a "Notice to Pro Se Litigant Opposing Motion to Dismiss" as required by Local Rule of Civil Procedure 12(a).  Defendants subsequently complied with this rule.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  <u>Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the

pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Defendants move to dismiss this action under 28 U.S.C. § 1915(e)(2)(B) because it is (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; and (3) seeks monetary relief from defendants who are immune from such relief.  Although entitled "Proceedings in forma pauperis," section 1915(e)(2)(B) applies to parties who do not proceed in forma pauperis and who pay the relevant filing fees.  See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (recognizing that district court has power to dismiss an action sua sponte even where plaintiff pays filing fee).

An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory."  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990).  A claim is based on an indisputably meritless legal theory when the claim lacks an arguable basis in law.  Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990).

The Court is mindful that it must construe pro se complaints liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even construing plaintiff's amended

complaint liberally, however, the Court must grant defendants' motion to dismiss the claims against the jurist defendants because such claims are frivolous as they are based on undisputably meritless legal theories.

The Court cannot ignore Supreme Court precedent related to the Tenth Amendment and sovereign immunity, nor could the Court change such precedent if it so desired.  Moreover, this Court has no authority to change various practices regarding the language that judges use.  The Court further has no authority to enter into discussions regarding presidential appointments of federal judges or to change the federal rules of procedure.

Plaintiff's complaints concerning the judicial functions of defendants all fall within the jurist defendants' respective judicial roles.  When acting in such roles as judges, such defendants are entitled to absolute immunity.  See Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009).  Because the actions complained of involve the jurists acting in their judicial capacities, they are immune from both suit and damages.  Dismissal is thus appropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the jurist defendants' motion to dismiss (Doc. #15) and DENIES the motion to dismiss filed by the Postmaster General (Doc. #19) as moot.  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 22d day of January, 2010.

> /s/
> Warren W. Eginton
> Senior United States District Judge